UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
—————————————————————————————

STANLEY W. MCPHERSON,

               Petitioner,

       V.

J. BURGE, H.D. GRAHAM,

               Respondent.

—————————————————————————————

**REPORT AND
RECOMMENDATION**

06-CV-1076
(GTS /VEB)


## I. INTRODUCTION

Petitioner Stanley W. McPherson, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner is an inmate at the Auburn Correctional Facility.  In 1991, he was convicted in a New York State court of two counts of Second Degree Attempted Murder, and one count of Second Degree Criminal Possession of a Weapon.  Petitioner does not contest his judgment of conviction, but challenges a decision by the Auburn Correctional Facility to withhold six years and eight months of good time credits as a result of Petitioner's refusal to participate in a drug abuse treatment program.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 13).

## II. BACKGROUND

**A.**     **Facts**[1]

On April 22, 1990, Petitioner approached two women in the Bronx and asked them if they knew where he could buy some "smoke."  When they were unable to direct him, he left and came back with a gun and shot and injured the two women as they tried to run away from him.  (Docket No. 9 at Exhibits B & H).  On December 6, 1991, Petitioner was convicted or two counts of attempted murder in the second degree, and criminal possession of a weapon in the second degree.  He was sentenced to concurrent terms of ten (10) to twenty (20) years on each of the two attempted murder counts, and three (3) to six (6) years on the weapon possession count.  See People v. McPherson, 198 A.D.2d 119 (1st Dep't 1993).

During Petitioner's prison intake interview, he admitted using marijuana regularly from 1981 through 1986 and stated that he had recently smoked it on a daily basis.  A drug abuse program was recommended for Petitioner, however, he refused to participate. On June 3, 2003, Petitioner appeared at a hearing of the Auburn Correctional Facility Time Allowance Committee ("TAC"). Based on Petitioner's refusal to participate in the drug abuse program, the TAC recommended that all of Petitioner's good time credits, totaling six years and eight months, be withheld from his sentence.  (Docket No. 9 at Exhibits A at 3 & B).  The TAC advised Petitioner that he could request a reappearance if he completed the drug abuse program.  (Id. at Exhibit B).   Respondent Burge confirmed the TAC's

---

[1]In the interest of judicial economy and because Petitioner does not contest his underlying conviction in this case, this Court will not discuss, in depth, the facts of Petitioner's underlying conviction, trial, or appeals. Rather, this Court will discuss Petitioner's appeals that are relevant to his current habeas petition.

2

recommendation on June 3, 2003.  Petitioner administratively appealed that decision, which

was affirmed on June 23, 2003.  (Id. at Exhibit A at 5 & B).

## B.    Article 78 Proceedings

On November 13, 2003, Petitioner, proceeding *pro se*, filed a petition pursuant to

Article 78 of the New York Civil Practice Law and Rules ("CPLR").  Petitioner asserted that

the withholding of his good time credits violated his Fourteenth Amendment rights.  (Docket

No. 9, Exhibit A at 2-11).  Petitioner argued that there was no evidence of positive drug

urinalysis in his record while he was incarcerated.  (Id. at 3).  Therefore, Petitioner argued,

in light of the fact that he did not use drugs while incarcerated, he did not qualify for the

program and should not have been required to participate. (Id.).

The Honorable Joseph C. Teresi, Justice of the New York State Supreme Court,

dismissed Petitioner's Article 78 petition on April 28, 2004.  On May 11, 2004, Petitioner

appealed to the Appellate Division, Third Department, which affirmed the Supreme Court's

dismissal of his petition.  McPherson v. Goord, 17 A.D.3d 750 (3d Dep't 2005).

The Appellate Division stated that:

> Although petitioner contends that the recommendation that he participate
> in a substance abuse program was in error given the absence of any drug
> abuse in the underlying crimes or in his institutional record, the record
> establishes that just prior to committing the instant offense, petitioner
> asked the victims of the crime where he could buy some 'smoke.'
> Furthermore, the presentence investigation report indicates that petitioner
> admitted to the use of marihuana.

Id. at 751.  The New York Court of Appeals denied Petitioner leave to appeal the Appellate

Division's decision on September 15, 2005.  McPherson v. Goord, 5, N.Y.3d 709 (2005).

## C.  Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on August 31, 2006, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1).  In his Petition, Petitioner asserts that: (1) withholding his good time credits for his refusal to attend the drug abuse program when the program did not apply to him violated his constitutional rights; (2) "[a] Due Process violation in procedure and determination. A Liberty Interest as of mandatory conditional release."; (3) his Fourteenth Amendment rights were violated when he was not conditionally released from his indeterminate sentence after completing 2/3 of his sentence; (4) his rights under the Ex Post Facto Clause were violated by Respondents adding the drug abuse program as a requirement in order for Petitioner to obtain his good time credits after he was incarcerated and that Respondents failed to transcribe the hearing proceedings; (5) the Appellate Division violated his equal protection rights in reviewing Petitioner's pre-sentence report *in camera* without Petitioner and without giving Petitioner an opportunity to review the report; (6) the Time Allowance Committee violated Petitioner rights by failing to record or transcribe the hearing; and (7) his Fifth Amendment rights were violated by Respondents' failure to follow proper procedure and by "failing to following [sic] the statute §7804 of CPLR."  (Docket No. 1).

Respondent filed a Response and memorandum of law in opposition on December 29, 2006.  (Docket No. 6).  Thereafter, on January 3, 2007, Respondent filed an Amended Answer and Memorandum of Law.  (Docket No. 8).  Petitioner filed his Traverse on January 17, 2007. (Docket No. 17).  This case was referred to the undersigned by Order of the Honorable Norman A. Mordue, Chief United States District Judge, on October 27, 2008. (Docket No. 13).

4

## III. DISCUSSION

**A.    Timeliness**

A state prisoner challenging the loss of good time credits must bring an action for habeas corpus relief under 28 U.S.C. § 2254. Jenkins v. Duncan, No. 02-CV-0673, 2003 WL 22139796, at *3 (N.D.N.Y. Sep. 16, 2003); see also Cook v. New York State Div. of Parole, 321 F.3d 274, 278-79 (2d Cir. 2003)(holding that state prisoner "must bring a challenge to the execution of his or her sentence . . . under § 2254").

Petitioner challenges the execution of his sentence, namely, the TAC's decision to revoke his good time credits.  As such, the Petition was properly brought pursuant to § 2254.  However, because Petitioner is a "person in custody pursuant to the judgment of a state court," he was required to file his petition for habeas corpus relief in accordance with the applicable statute of limitations set forth in 28 U.S.C. § 2244 (d)(1). See Cook, 321 F.3d at 280 (concluding that limitations period of § 2244 applies to petitions under § 2254).

Section § 2244 (d)(1) provides, in pertinent part, as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the present case, Petitioner is not challenging the judgment of conviction, there was no state action that impeded Petitioner from seeking habeas relief, and there is no issue regarding retroactive application of a constitutional right recognized by the Supreme Court. As such, the one-year limitations period began running, pursuant to § 2244 (d)(1)(D), on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Thus, this Court must determine the date on which the factual predicate of Petitioner's claims could have been discovered with due diligence. The Second Circuit faced an analogous situation in <u>Cook</u>. The petitioner in <u>Cook</u> was challenging the revocation of his parole. The Second Circuit concluded that the factual predicate for the petitioner's claim reasonably would have been discovered when he "was notified that the administrative decision to revoke his parole had become final." <u>Cook</u>, 321 F.3d at 280.

Petitioner challenges the revocation of his good time credits, arguing that the administrative decision in that regard violated his federal constitutional rights. Thus, in accordance with the Second Circuit's reasoning in <u>Cook</u>, this Court finds the "factual predicate" of Petitioner's claims was readily identifiable on the date the administrative decision to revoke his good time credits became final.

This raises the question of when Petitioner was notified that the revocation of good time credits was "final." The TAC recommended on June 3, 2003, that Petitioner's good time credits be revoke. That decision was adopted by the superintendent of the

6

correctional facility on that same date.  The superintendent's decision was upheld on administrative appeal on June 23, 2003.  It is not clear from the record when Petitioner was notified of this decision.  However, there is no allegation of undue delay or any reason to believe that Petitioner was not notified at or about the time of the decision.

On September 17, 2003, the chair of the TAC responded to a "recent memo" from Petitioner requesting reconsideration of the decision.  As such, the record clearly indicates that Petitioner was aware of the administrative decision underlying his claims prior to September 17, 2003 (as evidenced by the fact that he sent a memo to the TAC requesting a reconsideration).

Because the actual date of notice of the Superintendent's decision upholding the revocation of good time credits is uncertain, out of an abundance of caution, this Court will use September 16, 2003, as the latest possible date upon which Petitioner could have been notified that the TAC's recommendation had been approved by the facility's superintendent and upheld on administrative review.[2]  As such, Petitioner's deadline to commence this action would have expired on September 16, 2004, absent statutory or equitable tolling

**B.    Statutory Tolling**

The one-year statute of limitations set forth in 28 U.S.C. § 2244 (d)(1) is modified by § 2244 (d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[2]Respondent notes that October 14, 2003, might also be considered as the date on which the withholding of good time credits became "final."  On that date, a second reconsideration request by Petitioner was denied.  This Court finds that September 16th is the more appropriate date, as that was the last possible date on which Petitioner would have been notified that the TAC's recommendation had been adopted by the superintendent and affirmed on administrative appeal.  At that point, Petitioner was clearly aware of the factual predicate of the claims that he raises in this action.  In any event, even if October 14th was used as the starting date for a statute of limitations calculation, the instant Petition is still untimely.

or claim is pending shall not be counted toward any period of limitation under this subsection."

Under this subsection, the word "pending" designates the "end point" of the tolling period, Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir.2005), and "an application for state review is 'pending' until it has achieved final review through the state's post-conviction procedures." Foster v. Phillips, No. 03 Civ. 3629, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) (citing Carey v. Saffold, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)); accord, e.g., King v. Cunningham, 442 F.Supp.2d 171, 180 n. 15 (S.D.N.Y.2006).

In addition, the Second Circuit has held that the "proper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.2000) (emphases added); accord Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir.2002).

In this case, the statute of limitations is statutorily tolled from November 13, 2003, when Petitioner filed his Article 78 proceeding,[3] until September 15, 2005, when the Court of Appeals of New York denied his application for leave to appeal. Thus, on September 15, 2005, Petitioner's Article 78 had completed the final stage of review and was no longer considered "pending" for tolling purposes.

Fifty-eight (58) days passed between September 16, 2003, the latest date on which Petitioner could have been "notified" of the decision to withhold his good time credits, and

---

[3]The Article 78 Petition is stamped as received by the Albany County Clerk on April 28, 2004. The Article 78 Petition was dated November 13, 2003. It is not clear why there was such a substantial gap between the date of filing and the date contained on the Article 78 Petition. Again, giving Petitioner every benefit of the doubt, this Court will consider the Article 78 Petition has having been filed on November 13, 2003.

November 13, 2003, when he filed his Article 78 proceeding.  Three hundred fifty (350) days elapsed between September 15, 2005, when the Court of Appeals denied Petitioner's application for leave to appeal, and August 31, 2006, when Petitioner filed this action for habeas relief.

With regard to this August 31, 2006 date, it should be noted this Court has given Petitioner the benefit of the "prisoner mailbox rule."  The Petition was not actually filed by the Clerk of this Court until September 7, 2006.  Per the "mailbox rule," a motion or pleading filed by a *pro se*, incarcerated petitioner is deemed filed the day that he or she turned the pleading over to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than when it is received by the court clerk).

It is not clear when Petitioner delivered the Petition to prison officials. However, courts in this Circuit have generally concluded that "[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it." Torres v. Irvin, 33 F. Supp .2d 257, 270 (S.D.N.Y.1998) (citing Hunter v. Kuhlman, 97 Civ. 4692, 1998 WL 182441, at *1 n. 2 (S.D.N.Y. Apr. 17, 1998) (deeming petition filed on date on which petitioner signed it); Hughes v. Irvin, 967 F.Supp. 775, 778 (E.D.N.Y.1997); Jones v. Artuz, No. CV 97-2394, 1997 WL 876735, at *1 (E.D.N.Y. Sept. 13, 1997)); accord Johnson v. Coombe, 156 F.Supp.2d 273, 277 (S.D.N.Y.2001). In accordance with this practice, this Court deems the Petition filed on August 31, 2006, the date it was signed by Petitioner.

Based on the foregoing calculations, this Court finds that four hundred and eight

9

(408) days of untolled time passed between the latest possible date on which Petitioner was aware of the factual predicate underlying his claim (September 16, 2003)[4] and the date that he filed the instant case (August 31, 2006).  The Petition for habeas relief is therefore untimely and barred by the one-year statute of limitations set forth in § 2244.

## C.    Equitable Tolling

The one-year period set forth in AEDPA for the filing of federal habeas petitions is a statute of limitations, not a jurisdictional bar. Smith, 208 F.3d at 17.  However, it is only in "'rare and exceptional circumstances' " that AEDPA's limitations period may be subject to equitable tolling. Doe v. Menefee, 391 F.3d 147, 159 (2d Cir.2004) (quoting Smith, 208 F.3d at 17)).

Consequently, the period may be equitably tolled only if a petitioner is able to show that extraordinary circumstances prevented him from filing his petition earlier and that he acted with reasonable diligence throughout the period sought to be tolled. Id. "Extraordinary circumstances" are events which were "beyond [petitioner's] control" and which prevented successful filing during the one-year time period.  Smaldone v. Senkowski, 273 F.3d 133 (2d Cir. 2001).

Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary

---

[4]The Petition is untimely even if October 14, 2003, the date on which Petitioner's second reconsideration request was denied, is used as the date on which Petitioner was aware of the factual predicate underlying his claims.  Using that date, three-hundred eighty (380) days of untolled time elapsed prior to the filing of this case.

circumstances." <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir.2000). Thus, the petitioner must show that extraordinary circumstances "prevented" him from filing on time. <u>Id.</u> at 133-34.

There is no indication in the record of any extraordinary circumstances that operated to prevent Petitioner from timely filing his application for habeas relief.  In particular, there is no evidence that the nearly one year delay between the conclusion of the Article 78 proceeding and the filing of this case was caused by any events beyond Petitioner's control.  Petitioner's *pro se* status does not, in and of itself, entitle him to equitable tolling. <u>Id.</u> (citing <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir.1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.")); <u>see</u> <u>also</u> <u>Francis v. Miller</u>, 198 F.Supp.2d 232, 235 (E.D.N.Y.2002) (stating that petitioner's ignorance of the law and legal procedures are not extraordinary circumstances); <u>Armand v. Strack</u>, No. 98 Civ. 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb.19, 1999) (noting that lack of access to law clerks, illiteracy, lack of English fluency and ignorance of the law have all been considered and rejected by courts as insufficient to demonstrate exceptional circumstances); <u>Fennell v. Artuz</u>, 14 F.Supp.2d 374, 377 (S.D.N.Y.1998) (holding that equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine AEDPA's statute of limitations).

Accordingly, this Court finds that equitable tolling is not warranted in this case and therefore recommends that the Petition be dismissed as untimely filed and barred by the applicable statute of limitations.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Stanley McPherson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:    January 27, 2009

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report &**

Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

January 27, 2009

Victor E. Bianchini
United States Magistrate Judge

13