UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STANLEY W. MCPHERSON,

                Petitioner,

v.                                       9:06-CV-1076
                                           (GTS/VEB)

J. BURGE and H.D. GRAHAM,

                Respondents.
_____

APPEARANCES:                                          OF COUNSEL:

STANLEY W. MCPHERSON, 91-A-9440
  Petitioner, *Pro Se*
Auburn Correctional Facility
135 State Street
Auburn, NY 13021-0618

HON. ANDREW M. CUOMO                          FREDERICK H. WEN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, NY 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Stanley W. McPherson ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on August 31, 2006. (Dkt. No. 1.) By Report-Recommendation dated January 27, 2009, the Honorable Victor E. Bianchini, United States Magistrate Judge, recommended that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 15.) Petitioner timely filed his Objections to the Report-Recommendation on February 4, 2009. (Dkt. No. 16.) For the reasons discussed below, Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is

denied and dismissed in its entirety.

## I.    STANDARD OF REVIEW

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part,

---

[1]    On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.   BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 1991 conviction for Second Degree Attempted Murder and Second Degree Criminal Possession of a Weapon because Petitioner does not contest his judgment of conviction. (Dkt. No. 15, at 1.) Likewise, the Court will not repeat the factual background surrounding Petitioner's contention that the Auburn Correctional facility improperly withheld six years and eight months of good time credits on or about June 23, 2003, as a result of Petitioner's refusal to participate in a drug abuse treatment program, but will simply refer the parties to the relevant portions of Magistrate Judge Bianchini's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 15, at 1-4.)

In his Petition, Petitioner asserts seven claims in support of his request for habeas relief.[3] In his Report-Recommendation, Magistrate Judge Bianchini recommends that the Court deny each of these claims as not timely under the one-year limitations period, established by 28 U.S.C. § 2224(d)(1)(D). (*Id*. at 5-6.) In his Objections to Magistrate Judge Bianchini's Report-Recommendation, Petitioner simply states that he objects to the Report-Recommendation. (Dkt. No. 16.)

Because Petitioner has not made specific objections to the recommendations in Magistrate Judge Bianchini's Report-Recommendation, the Court need only review the Report-Recommendation for clear error. *See*, *supra*, Part I of this Decision and Order. After carefully

---

[3]   These claims are discussed in Magistrate Judge Bianchini's Report-Recommendation. (Dkt. No. 15, at 4.)

reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Bianchini, and rejects Plaintiff's general objection. (Dkt. No. 15; Dkt. No. 16.)[4] Magistrate Judge Bianchini employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 15, at 5-12.) As a result, the Court accepts and adopts Magistrate Judge Bianchini's Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a Certificate of Appealability shall not issue; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly and close the file.

Dated: May 5, 2009
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[4] The Court notes that Magistrate Judge Bianchini's Report-Recommendation would also survive *de novo* review.